UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAIME JARA,

                            Plaintiff,

        -v-

THE CITY OF NEW YORK and New York City
Police Department ("NYPD") NYPD Officer ("P.O.")
FAATIMAH IRVIN (Shield No. 26437) and P.O.
GERALD LACLAIR (Shield No. 1409) and P.O.
COREY SARRO (Shield No. 29947) and P.O.
SINDAMANIE RAMSAMMY (Shield No. 19144), in
their individual capacities;

                            Defendant.

**AMENDED COMPLAINT**

**15-CV-0071 (RRM) (JO)**

        Plaintiff JAIME JARA, through her attorneys David B. Rankin and Gillian Cassell-Stiga

of Rankin & Taylor, PLLC as and for her complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and

    Fourteenth Amendments of the Constitution of the United States, through the Civil Rights

    Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff JAIME JARA's rights were violated when officers of the NEW YORK CITY

    POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis charged

    and arrested her. By reason of defendants' actions, including the unreasonable and unlawful

    seizure of plaintiff's person, she was deprived of her constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff JAIME JARA ("Ms. JARA") was at all times relevant to this action a resident of the County of New York in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Officer ("P.O.") FAATIMAH IRVIN (Shield No. 26437) and P.O. GERALD LACLAIR (Shield No. 1409), and P.O. COREY SARRO (Shield No. 29947) and P.O. SINDAMANIE RAMSAMMY (Shield No. 19144) (hereinafter "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities under federal law.

2

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duty. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employeesand agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

### Incident One

14. On June 22, 2014 shortly after midnight, at approximately 69th Street and Roosevelt Avenue in the County of Queens, in the City and State of New York, Ms. JARA was unlawfully arrested by P.O. LACLAIR.

15. Ms. JARA was translating a summons which was issued to another individual and speaking with her about the issuance of the summons.

16. Ms. JARA did not interfere with the arrest of the individual.

17. In retaliation, P.O. LACLAIR arrested and issued a summons to Ms. JARA, charging her with P.L. § 240.20 (5).

18. On information and belief, P.O. LACLAIR swore to allegations on the summons which were untrue and forwarded the same for prosecution.

19. On August 27, 2014, these charges were dismissed against Ms. JARA.

### Incident Two

20. On July 6, 2014 at slightly after 3:00 a.m., Ms. JARA exited a night club located at 38-19 69th Avenue in the county of Queens in the City and State of New York.

21. Sometime after leaving the nightclub, Ms. JARA realized she had mistakenly left her cell phone at the bar.

22. Shortly after 4:00 a.m. Ms. JARA returned to the nightclub to retrieve her cell phone from the bartender.

23. After retrieving her cell phone, Ms. JARA exited the building and was stopped by P.O. IRVIN.

24. Ms. JARA asked P.O.  IRVIN why she was stopped.

25. P.O.  IRVIN arrested Ms. JARA and transported her to the precinct.

26. P.O. COREY SARRO (Shield No. 29947) and P.O. SINDAMANIE RAMSAMMY (Shield No. 19144) were present and failed to prevent or intervene in the arrest of Ms. JARA.

27. Ms. JARA was detained for less than six hours.

28. Ms. JARA was charged with P.L. § 240.37.

29. P.O. IRVIN knew Ms. JARA had committed no such crime, but, on information and belief, forwarded false information to the Queens County District Attorney's Office.

30. On or before August 11, 2014, the charge was dismissed by the Queens County District Attorney's Office.

4

31. As a result of the individual defendants' unlawful seizure and detention, Ms. JARA was deprived of her constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
#### (Against all Defendants)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, and failed to intercede, thereby depriving plaintiff of her rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including without limitation, using excessive force, fabricating evidence, falsely arresting plaintiff, and by failing to intercede to prevent the complained of conduct.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL
### VIOLATIONS THROUGH 42 U.S.C. § 1983
#### (Against Defendant City of New York)

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including

individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

38. The policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

40. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.    That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.    That she be awarded punitive damages against the individual defendants; and

c.    That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d.    For such other further and different relief as to the Court may seem just and proper.

[this portion intentionally left blank]

Dated:      New York, New York
             April 2, 2015

Respectfully submitted,

By:              _____

Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507

7